UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

- - -

UNITED STATES OF AMERICA,      . Case No. 1:09-cr-147
                               .
           Plaintiff,          .
                               . *Sentencing*
      - v -                    .
                               . Wednesday, February 3, 2010
FRANK G. LARSON,               . 10:00 AM
                               .
           Defendant.          . Cincinnati, Ohio
. . . . . . . . . . . . . . . .


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE HERMAN J. WEBER, SENIOR JUDGE

For the Plaintiff:      KEVIN C. CULUM, ESQ.
                        DONALD M. LYON, ESQ.
                        United States Department of Justice
                        Antitrust Division
                        Carl B. Stokes U.S. Court House
                        801 West Superior Avenue
                        Cleveland, Ohio  44113-1857

For the Defendant:      WILLIAM MICHAEL, JR., ESQ.
                        Dorsey & Whitney LLP
                        50 South Sixth Street
                        Suite 1500
                        Minneapolis, Minnesota  55402

                        WILLIAM R. GALLAGHER, ESQ.
                        Arenstein & Gallagher
                        The Citadel
                        114 East Eighth Street
                        Cincinnati, Ohio  45202

Also present:           Laurie Cooke, Pretrial Services
                        Laura S. Jensen, Probation Officer
                        Special Agent James Brennan, FBI
                        David F. Axelrod, Esq.

Law Clerk:              Amy Peters Thomas, Esq.

Courtroom Deputy:       Darlene Maury


*Proceedings recorded in stenotype;*
*transcript prepared by computer.*

1    Court Reporter:        Luke T. Lavin, RDR, CRR
                            838 Potter Stewart U.S. Courthouse
2                           100 East Fifth Street
                            Cincinnati, Ohio  45202
3

4                                - - -

1                        P R O C E E D I N G S

2        (In open court at 10:00 AM.)

3            THE COURT:  Proceed, Ms. Maury.

4            COURTROOM DEPUTY:  Judge, on the docket this morning

5    is Criminal Action 09-147, the *United States of America versus*

6    *Frank Larson*.

7        Appearing on behalf of the government is Kevin Culum and

8    Don Lyon.  Appearing on behalf of the defense is William

9    Michael and William Gallagher, and the defendant is present in

10   the courtroom.

11           THE COURT:  On a former day, the Court accepted the

12   tendered plea of guilty of Mr. Larson to a violation of Title

13   15, Section 1, of the United States Code, conspiracy to

14   restrain trade.  Having done so, it was the duty of the Court

15   to accept and find him guilty of the offense, which subjects

16   him to a sentence of imprisonment of ten years, a fine of $1

17   million, or twice the pecuniary gain or loss, a special

18   assessment, restitution, and supervised release.  However, the

19   policy statements at the United States Sentencing Guidelines

20   2R1.1, 3E1.1 and 5E1.1 are instructive in determining a

21   sentence in this case that is sufficient but not greater than

22   necessary to comply with the purposes set forth in 18, United

23   States Code, Section 3553(a).

24       The offense concluded on July 17th, 2007.  The defendant

25   entered a plea of guilty on October 13, 2009.  The provisions

1   of the Antiterrorism and Effective Death Penalty Act of 1996

2   apply to this case because the commission of the offense

3   occurred after April the 24th, 1996.  The applicable Sentencing

4   Guideline manual is 2009.

5       The Court has before it the Information that was filed, the

6   Plea Agreement, which are all matters of public record, the

7   presentence report under the date of December 17th, 2009, that

8   has been amended as late as last week, a motion for downward

9   departure by the United States, and the defendant's sentencing

10  memoranda.

11      In view of the fact that the Plea Agreement does not

12  provide for restitution to any alleged victims, I will begin by

13  asking the United States to present to the Court a record as to

14  its best efforts in complying with 18, United States Code,

15  Section 3771.

16              MR. CULUM:  Thank you, Your Honor.

17              THE COURT:  Proceed, Mr. Culum.

18      And first of all, are there any victims or anyone in the

19  courtroom that wishes to speak at these proceedings?

20              MR. CULUM:  Mr. Axelrod is in the courtroom.  I'm not

21  sure if he wants to speak.

22              MR. AXELROD:  Your Honor, I don't think I have

23  anything to say today.

24              THE COURT:  Thank you.

25      Anyone else?  And as I say, I do not know most of the

1    people here in the courtroom, except the court personnel, of

2    course.

3        All right.  Proceed with giving me the information that's

4    of the compliance with 3771.

5            MR. CULUM:  Thank you, Your Honor.

6        Your Honor, we have in this case as well, as part of our

7    continuing notice to all the victims of the conspiracy that is

8    what we call the Home City/Arctic Glacier conspiracy of

9    southeastern Michigan, we have sought and obtained a newspaper

10   ad in the Detroit Free Press.  We will continue to provide

11   notice.  On our Web site all hearings, all public forums are

12   being provided to any victim.  We continue to try to reach out

13   to all victims that we can.

14       It is very difficult to identify all the victims in this

15   case, which would be the people who buy the ice from the --

16   from Arctic Glacier and Home City.  We continue to do so.  We

17   have talked to the plaintiff's counsel, the lead counsel Mr.

18   Kohn, and he is well aware of our situation.  And we believe we

19   have fully complied with the dictates of the United States

20   Code.

21           THE COURT:  All right.  You're satisfied with that

22   representation?

23           MR. CULUM:  I am, Your Honor.  The only thing is, I am

24   99 percent certain we have put the ad in, but -- I know that we

25   have -- I think we have.  I have not seen the ad, but I'm sure

1   we have.

2          THE COURT:  The one situation is the class action in

3   Michigan and your conversation with the people that are members

4   of that class.

5          MR. CULUM:  Yes, Your Honor.  We have continuing

6   discussions.  They continue to -- we continue to provide them

7   whatever information we can publicly, and they are well aware

8   of the sentencing today, the sentencing tomorrow, and the

9   sentencing next week.  And we continue to provide notice to all

10  victims both through the newspaper and through our Web site.

11         THE COURT:  Well, I must state for the record that I'm

12  looking at each one of these cases individually, not together.

13         MR. CULUM:  I understand that.

14         THE COURT:  So the information that is presented in

15  one case is not necessarily in the other, any of the other

16  cases, unless I decide that it is.

17         MR. CULUM:  I understand, Your Honor.

18         THE COURT:  All right.  Then with that in mind, I will

19  ask at this time whether you wish to proceed with this matter.

20  In view of the amendment to the presentence report that was

21  made just a few days ago, you're entitled to a continuance.

22         MR. MICHAEL:  Your Honor, Mr. Larson and I have

23  reviewed the amendment.  We're satisfied with it.  We have no

24  request to extend this process.  We're prepared to go forward

25  today.

1          THE COURT:  All right.  The Plea Agreement sets forth

2     a proposed stipulation as to the applicability of the Guideline

3     computation in this matter.  The presentence report agrees with

4     that computation, and the motion of the defendant which has

5     been filed in this case requests that the computation that has

6     been stipulated be affirmed by the Court.

7        Is that correct?

8          MR. CULUM:  Yes, Your Honor.

9          THE COURT:  Now, the one item that has not been agreed

10    to is the fine, and I say that's a very serious matter here,

11    because the lower end of the fine is over $200,000.  And I want

12    everyone to understand that that's what I am considering:  a

13    substantial fine in this case.

14       Now, once I impose my sentence, you cannot withdraw your

15    plea of guilty.  And say I impose a maximum fine, which we

16    discussed when I accepted your plea of guilty.  I want you to

17    consider that.

18       Now, then, do you wish to proceed?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  All right.  We'll proceed, then.

21       Now, have you received a copy of the presentence report and

22    the addendums?  And it was dated December the 17th, 2009, and

23    the addendums were just last week.  Have you received that?

24          MR. MICHAEL:  We did, Judge.  I have had an

25    opportunity to go over that with Mr. Larson in great detail.

1   We had received originally a draft.  We made certain very minor

2   suggested changes to the probation office, as I believe did the

3   government.  Those were incorporated into the final draft.

4       We have no objections to either the factual recitation

5   within the presentence investigation report nor the applicable

6   Guideline calculation that's set forth within it.

7            THE COURT:  And, Mr. Larson, have you received a copy

8   of the report and had a chance to review it?

9            THE DEFENDANT:  Yes, sir, I have.

10           THE COURT:  And do you have any -- are you satisfied

11  with it?  Do you have any questions about it at this point in

12  time?

13           THE DEFENDANT:  No, sir, I don't.

14           THE COURT:  The Court then will accept the report as

15  part of the sentencing facts in this case.  How I apply them

16  will depend on our later discussion.

17      Does the United States have anything they wish to add as

18  far as the applicability of the Guidelines to this case are

19  concerned?

20           MR. CULUM:  No, Your Honor.

21           THE COURT:  Does the defense?

22           MR. MICHAEL:  Not at this time, Judge.

23           THE COURT:  The addendum to the presentence report

24  discloses that no objections remain for resolution by the

25  Court.  Pursuant to United States Sentencing Guidelines

1  2R1.1(a), a base offense level of 12 and a four-level

2  enhancement is appropriate because the commerce affected was

3  $23 million.

4      The defendant qualifies for a two-level reduction for

5  acceptance of responsibility and a one-level reduction because

6  he timely notified authorities of his intention to plead

7  guilty.

8      The applicability of the Guidelines establishes 13 as the

9  total offense level, I as the criminal history category, and 12

10  to 18 months as the sentencing range.

11      The government has indicated that the government has -- or

12  that the defendant has provided substantial assistance and is

13  requesting a downward departure pursuant to 5K1.1 to a level

14  below 13.  Based upon the government's request and its

15  representation that the defendant has provided substantial

16  assistance to the government in the prosecution of the

17  defendant, the Court finds that a downward departure is

18  justified in this case and departs from an offense level of 13

19  to an offense level of 10.

20      A sentence in this range will reward the defendant for his

21  assistance but will also satisfy the statutory purposes of

22  sentencing, including the need to reflect the seriousness of

23  the offense, promote respect for the law, and provide a just

24  punishment for the defendant's involvement in the instant

25  offense.

1    Accordingly, the Court establishes 10 as the total offense

2  level, I as the criminal history category, and six to 12 months

3  as the sentencing range.

4    Pursuant to Application Note 2 to United States Sentencing

5  Guideline 5B1.1, the defendant is eligible for a term of

6  probation because his Guideline range places defendant in Zone

7  B of the sentencing table if the Court imposes conditions.

8    Pursuant to 18, United States Code, Section 3563(d), the

9  defendant is eligible for a term of probation of one to five

10  years because the instant offense is a Class C felony.

11    Pursuant to United States Sentencing Guideline 5C1.1(c),

12  when the applicable range is a Zone B, is in Zone B of the

13  sentencing table, the minimum term may be satisfied by a

14  sentence of imprisonment or a sentence of imprisonment that

15  includes a term of supervised release with a condition that

16  includes a term of -- with a condition that substitutes

17  community confinement or home detention, providing at least one

18  month is satisfied by imprisonment, or a sentence of probation

19  that includes a condition or combination of conditions that

20  substitutes intermittent confinement, community confinement, or

21  home detention for imprisonment.

22    Pursuant to United States Sentencing Guideline 5D1.2, a

23  term of two to three years of supervised release is applicable.

24  Pursuant to United States Sentencing Guideline 5E1.2(b), if the

25  Guideline for the offense in Chapter Two provides a specific

1    rule for imposing the fine, the rule takes precedent over

2    subsection (c).

3        Pursuant to United States Sentencing Guideline 2R1.1(c)(1),

4    for an individual the Guideline fine range shall be from one to

5    five percent of the volume of commerce, but not less than

6    $20,000.  Accordingly, the greater minimum fine in this case is

7    $230,000, and the greatest maximum fine is $1 million.

8        Pursuant to United States Sentencing Guidelines 5E1.2 (1),

9    an additional fine amount of $2,157.88 a month to pay the cost

10   to the government of any imprisonment, $1,990.13 a month for

11   offenders in halfway house, $311.94 to pay the cost to the

12   government of supervised release must be considered.  The daily

13   cost of home confinement is $3.18.

14       Pursuant to United States Sentencing Guidelines 5E1.2(f),

15   the Court finds that the defendant is able to pay a fine.

16   Accordingly, a fine shall be ordered.

17       According to 18, United States Code, Section

18   366(a)(1)(B)(ii), to the extent that the Court determines that

19   the complication and prolongation of the sentencing process

20   resulting from the fashioning of an order of restitution under

21   this section outweighs the need to provide restitution to any

22   victim, the Court may decline to make an order of restitution.

23       In this case the victims would be the customers of Arctic

24   Glacier who did not benefit from competition in their

25   respective areas.  Determining a restitution figure is

1    difficult due to the nature of the offense.   Allocation of

2    customers rather than price fixing makes quantifying damages

3    difficult, if not impossible, to determine.

4        Pursuant to United States Sentencing Guidelines 5E1.3, a

5    special assessment of $100 shall be ordered.

6        The Court recognizes that Sentencing Guidelines are

7    discretionary, and it has the authority to depart upward or

8    downward from the Guideline range established in this order and

9    to sentence the defendant to any sentence under the statutory

10   maximum.

11       In accordance with 18, United States Code, Section

12   3553(c)(1), the Court is not required to state a reason for

13   imposing a sentence at a particular point within the range,

14   because the range in this case does not exceed 24 months.

15       Based upon the record in this case, including the

16   information contained in the presentence report, the Court

17   accepts the Rule 11(c)(1)(B) Plea Agreement, specifically

18   finding that the agreement adequately reflects the seriousness

19   of the actual offense behavior and that accepting the Plea

20   Agreement will not undermine the statutory purposes of

21   sentencing.

22       That would end my discussion of the Sentencing Guidelines.

23   Does the United States have any addition or anything that they

24   wish to comment or anything further for the record?

25           MR. CULUM:  Your Honor, I'd just like to make a

1    comment as to Mr. Larson's cooperation.  I don't know if this
2    would be an appropriate time, or later.
3            THE COURT:  It's fine if you want to reserve the --
4    will it change the offense level, et cetera, at this time?
5            MR. CULUM:  No, Your Honor.
6            THE COURT:  And if it's more applicable to the
7    consideration of the 3553 section, but I do -- I've already
8    considered it, and I reduced the level to 10.
9       Now, if you want to discuss a lower level than 10, that's
10   fine.  And, I mean, that can go all the way down to a level 1
11   if his cooperation was important.  You did not indicate any
12   information as to the depth of the departure, and I used a
13   figure of three, which will permit me to impose a sentence in
14   accordance with the suggestions.
15           MR. CULUM:  Well, and I will make my comments at 3553,
16   and I hope that -- I know that you will take them into
17   consideration, but I'll make those points.
18           THE COURT:  And if the level should be lower than 10,
19   why, then, that might have other advantages.  I don't know.
20   That's what we're discussing at this time.
21      Does the defense have anything they want to add at this
22   time as far as the Guidelines are concerned?
23           MR. MICHAEL:  Not at this time, Judge.  I believe that
24   the way that the Court has structured the reduction, when
25   looking at 5C1.1(c)(3) and 5C1.1(e)(3), the Court is, even with

1   the Guidelines, able to get to where there have been some

2   recommendations, including our recommendation within the

3   sentencing memo irrespective of the 3553(a) factors.  So we're

4   comfortable and don't wish to make further comment at this

5   time.

6         THE COURT:  All right.  I appreciate that, but please

7   understand that I am proceeding under 2R1 at this time and not

8   the general fine section --

9         MR. MICHAEL:  Yes, sir.

10        THE COURT:  -- that you suggested in the memo.

11        MR. MICHAEL:  Yes, sir.  At the time we filed the

12   sentencing memo, I believe the addendum which had identified

13   the 2R1.1 fine issue had not been filed with the Court, and so

14   we were going under the earlier fine recommendation.

15     I'm certainly able and happy and will address the fine

16   circumstance at the appropriate time.

17        THE COURT:  And if you're willing to proceed on that

18   basis, why, that's fine.

19        MR. MICHAEL:  Yes, sir.  The only comment I would make

20   with respect to the Guideline range and the 5K motion is that I

21   believe that, just as this Court is authorized to reduce

22   downward a Guideline range with a filing of a 5K1.1 motion,

23   it's likewise able to use that to reduce down any fine range

24   that is within the Guideline section.

25        THE COURT:  I guarantee you I'll reduce it from the $1

1  million.  That's all I'll guarantee you.

2        MR. MICHAEL:  Yes, sir.

3        THE COURT:  The Court then will pursue the issue under

4  18 3553.  The first issue that I feel is important to discuss

5  is the (a)(7), which is the restitution provision in 3553(a)

6  and the justification for the Court's finding that the

7  restitution would needlessly prolong these proceedings.

8     Mr. Culum?

9        MR. CULUM:  I agree, Your Honor.

10        THE COURT:  Do you want to discuss that for the

11  record?

12        MR. CULUM:  Your Honor, the Eastern District of

13  Michigan has a class action lawsuit that includes both direct

14  and indirect purchasers.  We have made every effort to notify

15  the victims in this case.  The number of victims is difficult

16  to determine.  The amount of loss any particular victim would

17  have a right to seek for restitution is very difficult in a

18  customer allocation case because it's very difficult to

19  establish what the price would have been absent the agreement,

20  and clearly, in our opinion, would unnecessarily delay this

21  sentencing in this case.  And, therefore, we would agree that

22  restitution is unnecessary in this case concerning the civil

23  litigation.

24        THE COURT:  And I think probably it's appropriate that

25  I point out at this time that 3771 provides in (d)(6), "Nothing

1   in this chapter shall be construed to impair the prosecutorial

2   discretion of the Attorney General or any other officer under

3   his direction." I think it's important that that's part of the

4   record --

5           MR. CULUM: Thank you, Your Honor.

6           THE COURT: -- that whoever reads this record knows

7   that I'm considering that.

8           MR. CULUM: Thank you, Your Honor.

9           THE COURT: Are there any other comments that you wish

10  to make as to the other elements of 3553? And now it would be

11  appropriate for your downward departure.

12          MR. CULUM: Thank you, Your Honor.

13      And we'll stand just because --

14      I want the Court to know I've done this a good deal of

15  time, and whenever you meet with someone who has violated

16  antitrust laws, it can be -- it's always interesting to meet

17  them for the first time, because you've got to know them

18  through their conduct, and you get to know the person

19  personally.

20      The first time we met with Mr. Larson, he was

21  understandably concerned, and often -- understandably

22  concerned.

23      That being said, he was forthright, he was very candid, and

24  he was truthful. We met with him multiple times. We expect to

25  meet with him. We know, we expect, and he will continue to

1  meet with us and continue to cooperate.

2      We expect there's a possibility that at some point he will

3  testify at trial.  We have decided, unlike most situations, to

4  go forward with this sentencing so he could go forward with his

5  life.

6      Oftentimes in these situations we delay the sentencing

7  until the person has an opportunity to testify so you, Your

8  Honor, could see how he would have testified.  I am confident

9  that he will testify well when asked to do so.  But in this

10 case, because of his unemployment situation, his personal

11 situation, we want to move forward with sentencing to allow him

12 to go on with his life.  And please do not read into the record

13 any -- assume anything that we don't expect that cooperation to

14 be anything less than stellar because of us going forward at

15 this time.

16     It is an -- you know, he has a right to move on with his

17 life, and we are allowing him to do so.

18          THE COURT:  Anything you wish to add at this time on

19 the 3553 factors?

20          MR. MICHAEL:  Judge, other than to make some --

21          THE COURT:  You can go right down the line, if you

22 wish, on them.

23          MR. MICHAEL:  Judge, I'm going to be brief.

24     I think that the probation office has done a very good job

25 of setting forth the circumstances here of Mr. Larson.  Many of

1    those apply to the 3553(a) factors.

2         You know, this is a case where, first, we very much

3    appreciate the comments that Mr. Culum has made.  I would say

4    that those comments were earned by Mr. Larson's activities and

5    that -- and the earning of those activities is something that

6    really is reflective of his characteristic as an individual.

7         You know, it's been said that the true measure of a man is

8    not to be how he succeeds in life but, instead, how he recovers

9    from difficult circumstances, and in part these difficult

10   circumstances occurred several months ago when the Department

11   of Justice first announced, if you will, its investigation of

12   Mr. Larson and Arctic Glacier.

13        Mr. Larson's activities at that time were in essence to

14   direct me to make contact with the Department of Justice to do

15   what he needed to do to make things right, and Mr. Larson has

16   done that from the beginning, continues to do it, and is

17   anticipating providing whatever assistance that the United

18   States deems necessary and that he can provide going forward.

19        It is a circumstance where Mr. Larson did not personally

20   profit from this.  There was no personal gain to him.  While he

21   certainly accepts his own circumstances and his own

22   responsibility for his actions, it was a circumstance that was

23   practiced industrywide.  And while that doesn't excuse the

24   conduct, it is something that this Court should be aware of.

25   It was a practice that was industrywide and done routinely.

1    Mr. Larson now knows that that is completely inappropriate, and

2    he has tried to rectify his actions ever since.

3        I think, Judge, that this is a very difficult economic time

4    for the whole country.  As the Court is aware, Mr. Larson lost

5    his job with Arctic Glacier back in approximately March of last

6    year.  He has been unemployed -- with four children, one in

7    college -- throughout this time period.

8        We've had long discussions with Mr. Culum about whether or

9    not it made sense to prolong the sentencing so that all of Mr.

10   Larson's cooperation could be done.  For reasons that Mr. Culum

11   touched on, it was decided to move forward quickly to try and

12   allow Mr. Larson to move on.

13       I will tell this Court that Mr. Larson was able to secure a

14   job starting last Friday as an operations manager for a small

15   private company.  He's hopeful that, in this economy, he'll be

16   able to keep that job.  He's hopeful that after today the

17   circumstances will allow him to keep that job.  It's difficult

18   enough for many people in this country right now to have a job,

19   let alone one who will walk out of this courtroom a convicted

20   felon.

21       We do believe that Mr. Larson is well on his way to picking

22   himself up from those difficult circumstances he finds himself

23   in.  While his actions don't necessarily indicate an aberrant

24   behavior as defined by the Guidelines, it really is aberrant

25   behavior from his lifetime of activity.  He's a good person,

1   and we'd ask this Court to fashion a sentence appropriate to

2   allow him, under the factors of 3553(a), to keep the job and to

3   become the productive member of society that he has been in the

4   past and wants to continue to be.

5      Thank you.

6         THE COURT:  Would you refer to paragraph 56 of the

7   presentence report.

8         MR. MICHAEL:  Yes, sir.

9         THE COURT:  And do you see what the suggestion there

10  is?  And now you know the Guideline fine range.

11        MR. MICHAEL:  Yes, sir.  And if I could address that

12  specifically, then.

13        THE COURT:  Well, you'd better.

14        MR. MICHAEL:  Judge, the Guideline range, as we

15  discussed briefly before, has now under the --

16        THE COURT:  The Guideline range has always been the

17  Guideline range.  2R1.1 has not been changed, to my knowledge,

18  in the last several years.

19        MR. MICHAEL:  Yes, sir.

20        THE COURT:  So it was there when this agreement was

21  entered into.

22        MR. MICHAEL:  It was, Judge.

23        THE COURT:  Proceed.

24        MR. MICHAEL:  With respect to the Guideline range, we

25  would ask this Court to fashion a fine that is below the

1  Guideline range.  We would ask this Court to sentence Mr.

2  Larson to a fine as part of his sentence that is below the

3  recommended Guideline range as recommended by probation and

4  under this Court's authority under both 3553(a) as well as the

5  Guideline 5K1.1 motion that was filed by the government.

6      Your Honor, we, as you, see what Mr. Larson's financial

7  circumstances are.  They're set forth in the presentence

8  investigation report.

9          THE COURT:  And I'm trying to avoid placing them in

10  the public record.

11          MR. MICHAEL:  Yes, sir.  And --

12          THE COURT:  But do you have any comment on that

13  rendition of his financial situation?

14          MR. MICHAEL:  That they are accurate, the rendition is

15  accurate, Judge.

16          THE COURT:  Thank you.

17          MR. MICHAEL:  Obviously, there was an amount of money,

18  and that may not have been obvious, but there was an amount of

19  money that was paid as part of his termination.

20          THE COURT:  I understand what that amount is.  I'm not

21  interested in putting it into the record --

22          MR. MICHAEL:  Yes, sir.

23          THE COURT:  -- public record.

24          MR. MICHAEL:  And as this Court is aware, the monthly

25  cash flow that Mr. Larson has been under since, you know, he

1    lost his employment has been significant.

2        I raise the fact that Mr. Larson now has a job.  It impacts

3    not only him moving forward.  Obviously, it impacts the

4    financial circumstances as well.  We recognize that.

5        We do believe, though, that there was no personal profit

6    made to Mr. Larson.  That's one of the issues I believe is an

7    overriding factor in whether or not a fine should be given.

8        Here the Court is authorized to depart downward from that

9    fine range.  Judge, Mr. Larson sits here probably with more

10   assets than the Court often sees by individuals.  We recognize

11   that.

12       We also --

13           THE COURT:  And he came through the recent tragedies

14   of the last two or three years in pretty good shape.

15           MR. MICHAEL:  Better than an awful lot of Americans,

16   Judge.

17           THE COURT:  That's right.

18           MR. MICHAEL:  And for that he's thankful.

19           THE COURT:  Well, that's because of his intelligence

20   and wise advice.

21           MR. MICHAEL:  And very hard work.

22           THE COURT:  That's right.

23           MR. MICHAEL:  And something that he hopes to continue.

24       It's my belief, Judge, that had there been a personal

25   profit involved here, then this Court would certainly --

1        THE COURT:  Well, I would have taken it all then.  I

2   would have degorged it.

3        MR. MICHAEL:  Yes, sir.

4        THE COURT:  All right.  Now, let's go ahead.

5        MR. MICHAEL:  Well, Judge, in this case because there

6   wasn't that, I think the --

7        THE COURT:  I'm not going to degorge him of all his

8   assets.

9        MR. MICHAEL:  Yes, sir.

10       THE COURT:  I agree with you.

11       MR. MICHAEL:  I would certainly ask this Court to

12  depart downward.  We believe a small fine is appropriate.

13  We've asked for that even in our recommendation to the Court.

14  We don't believe that $230,000, under all the circumstances, is

15  appropriate, even considering the assets that Mr. Larson has

16  been able to acquire.  He has a need to move forward with his

17  family and his economic circumstance.  He needs to try and

18  recover from the negative monthly cash flow that he's had.

19     We leave to the Court its discretion as to the amount.  I

20  stand by my recommendation that it be a very low amount,

21  though.

22       THE COURT:  Thank you.

23     Is there anything you wish to add, Mr. Culum?

24       MR. CULUM:  No, Your Honor, other than the departure

25  motion does go to the fine, as you well know.  The $230,000 as

1   the low end of the Guidelines, in these situations -- this is

2   one of those places where it's very hard to understand where

3   the Guidelines work in the individual situation, because Mr.

4   Larson did not profit personally.  The 20,000, though, is a

5   good example of a substantial fine that would be, you know --

6   you know, an appropriate time to look at.

7       And we'd just ask you to look at the departure motion.  We

8   think that $230,000 is the Guideline range, but you are free to

9   depart if you choose.

10         THE COURT:  The Court then will proceed to discuss

11   the --

12       I'm sorry.  I don't mean to leave you out of this

13   discussion, Mr. Larson, because it's you and I that are going

14   to pay the price here.

15         THE DEFENDANT:  Understood.

16         THE COURT:  Lawyers never go to jail, at least when

17   they represent someone.  Sometimes, but very seldom.

18       Do you have anything you wish to add to the record, you

19   wish me to understand as to these factors?

20       And I'll review the factors with you at this time.  It's

21   the nature and circumstances of the offense, your history and

22   characteristics, the need for the sentence imposed to reflect

23   the seriousness of the offense, to promote respect for the law,

24   and to provide just punishment for the offense; to afford

25   adequate deterrence to criminal conduct; to protect the public

1   from further crimes of the defendant; and to provide the

2   defendant with needed educational or vocational training,

3   medical care, or other correctional treatment in the most

4   effective manner, the kinds of sentences available, the kinds

5   of sentences and sentencing range established by the United

6   States Sentencing Guidelines, which we have -- that last one we

7   have just gone through.

8       So those are the things that I am considering now, and

9   those are the things that will determine my acceptance of your

10  position and my sentence that I will impose upon you, and so

11  that's what I'm asking you.

12      Do you have anything you wish to add to my understanding of

13  those particular elements?

14          THE DEFENDANT:  No, sir.

15          THE COURT:  The Court then will proceed to discuss the

16  elements.

17      The nature and circumstances of the offense.  The offense

18  is serious.  However, I think the record clearly shows that the

19  government believes that this was not one of the major

20  situations in their fight against the antitrust -- or their

21  fight for the antitrust laws of this country.

22      The history and characteristics of the defendant.  They are

23  outstanding in your favor, so that weighs heavily in favor of

24  some departures in this matter.  The nature and circumstances

25  of the offense also weigh somewhat in favor.

1    But it is necessary for me to fashion a sentence that will

2  promote respect for the law not only by you, which I am sure

3  you do, but by others, and I must have it be just punishment.

4  Just punishment is defined by Congress as sufficient but not

5  greater than necessary.

6    To afford adequate deterrence to criminal conduct. Now,

7  that doesn't mean you; that means society as a whole. And our

8  country is in tragic shape now because of the activities of our

9  heads of industry and their activities that were against the

10  law. That's why it's hard to find a job now. That's why we

11  are so far in debt as a nation that we may never see the light

12  of day, because of executives breaking the law, whether they're

13  on Wall Street or on Main Street. You happen to be in

14  Minnesota.

15    I find, however, that the next one -- to protect the public

16  from further crimes that you might commit -- there is

17  absolutely no danger of that, and that weighs heavily in your

18  favor, that you need to get on with your life, take care of

19  your family, that you do not need any other correctional

20  treatment or vocational training. You're already educated,

21  practically and formally, and you are in excellent health.

22    The kinds of sentences available, that has been discussed

23  in relationship to the Guidelines. I have -- I respect the

24  information and the suggestions made by the probation officer,

25  by the government, and by the defense on that issue.

1    I've already considered the restitution issue and we have

2    made the record relating to that.  And it's unfortunate that

3    restitution may be an impossible situation in this criminal

4    context, that it would needlessly prolong a sentencing process,

5    that the Constitution would not permit.  So I have decided that

6    restitution will not be ordered in this matter.

7    I find that incarceration is not necessary in this case.

8    The Court varies or departs, if you will, from the one-month

9    sentence required to the one-day sentence that you've already

10   served.

11   A sentence of this one day confinement with the six months'

12   home detention and community service during supervised release

13   takes into account the provisions of 18, United States Code,

14   Section 3553(a)(1), which includes the nature and circumstances

15   of the offense and the defendant's criminal history.  A

16   sentence of one day confinement with six months' home detention

17   and community service during supervised release will reflect

18   the seriousness of the offense, promote respect for the law,

19   and provide just punishment, which is consistent with 18

20   3553(a)(2) by serving as a deterrence, protecting the

21   community, and providing the defendant with the ability to meet

22   his other responsibilities.

23   The sentence is within the availability of the sentences

24   available to the Court, and this sentence avoids unwarranted

25   disparity among defendants who committed similar offenses and

1    have similar backgrounds, as mandated by 18, United States

2    Code, Section 3553(a)(4), (5) and (6), as far as it relates to

3    the sentence of imprisonment.  It does not, in my opinion,

4    relate to the amount of fine in the case, which we will

5    discuss.

6        I would conclude, then, my remarks as far as the 18 3553

7    factors are concerned, and finding that I can accept the

8    suggestion made in the Plea Agreement and can accept the

9    suggestion made in the defendant's memoranda, sentencing

10   memoranda, in regard to the information I have just placed into

11   the record.

12       The Court now would move to the actual sentencing portion

13   of this proceedings.  Does the United States have anything they

14   wish to add to the sentence, either in aggravation or

15   mitigation of sentence, as to the discussion the Court has had

16   with 18 3553 factors in regard to the imprisonment and, for

17   that matter, the fine, which I presume we'll discuss in detail

18   during the sentencing portion of the proceedings?

19           MR. CULUM:  No, Your Honor.

20           THE COURT:  Mr. Michael?

21           MR. MICHAEL:  Nothing other than what we've discussed

22   previously, Judge.

23           THE COURT:  Mr. Larson, anything you want to -- do you

24   have any questions?  I'll ask it that way.

25           THE DEFENDANT:  No.  I think Mr. Michael has

 1  explained.

 2          THE COURT:  All right.  As far as the sentence is

 3  concerned, does the United States have anything further they

 4  wish to say in regard to the sentence?

 5          MR. CULUM:  No, Your Honor.

 6          THE COURT:  Mr. Michael?  And I think this is the

 7  time.

 8          MR. MICHAEL:  Judge, I've made many of the comments to

 9  this Court under the 3553(a) factors.  I know Mr. Larson has

10  some brief comments he wants to address to the Court.

11      I do believe that, you know, Mr. Larson has learned from

12  this circumstance and, more importantly, is looking to move

13  forward and use this to not only teach himself but to teach

14  others the consequences here.

15      I do believe that this Court has identified an issue.  We

16  leave it to the discretion of the Court with respect to the

17  amount of the fine.  We've raised the issues that we feel are

18  appropriate, that there's been no personal gain, that he has

19  this negative cash flow, and we ask the Court to take those

20  into consideration in fashioning an appropriate fine in the

21  case.

22      And with that, I would turn it over to Mr. Larson.

23          THE COURT:  Mr. Larson.

24      You may speak from your seat or stand, however you're more

25  comfortable.  You may use the lecturn if you'd rather, whatever

1    you wish.

2          THE DEFENDANT:  Okay.  Thank you.  I appreciate the

3    opportunity to say a few words.

4       I'd like to apologize for my actions that have caused all

5    of us to be here today.  I don't think they are reflective of

6    how I have lived my life in the past and certainly have changed

7    how I will live my life in the future.

8       Secondly, I'd like to apologize to my wife and thank her

9    for --

10          THE COURT:  Take your time.  There's no hurry.

11          THE DEFENDANT:  -- and thank her for her support.  My

12   family has stuck by me all the way through and, I'm confident,

13   will continue to stick by me, as these have been very difficult

14   times.

15      I assure you that the experiences that I've felt over the

16   last two years will allow me to teach both -- it will teach me

17   and others as I go forward that you need to be responsible for

18   your actions each and every day, and I can only apologize to

19   you and to Mr. Culum and the government for what I've put

20   everyone through.

21          THE COURT:  Anything else, sir?

22          THE DEFENDANT:  That's it, sir.

23          THE COURT:  Thank you.

24      Any comment, Mr. Culum?

25          MR. CULUM:  No, Your Honor.

 1          THE COURT:  Anything further, Mr. Michael?

 2          MR. MICHAEL:  No, Judge.

 3          THE COURT:  Do you have any questions, Mr. Larson?

 4          THE DEFENDANT:  No, sir.

 5          THE COURT:  Do you have anything you wish to say as to

 6   why the judgment of this Court should not be pronounced upon

 7   you at this time?

 8          THE DEFENDANT:  No, sir.

 9          THE COURT:  It's the judgment of this Court that you

10   be committed to the custody of the Bureau of Prisons for a

11   period of one day, which has been served, and following

12   incarceration shall serve a term of supervised release of two

13   years under the following conditions:

14      You shall not commit another federal, state or local crime;

15      You are prohibited from possessing a firearm and other

16   dangerous weapon;

17      You shall refrain from the unlawful use of controlled

18   substances and submit to one drug test within 15 days of being

19   placed on supervised release and at least two other periodic

20   drug tests thereafter, as determined by the probation officer;

21      You shall report immediately to the probation office in the

22   Southern District of Ohio;

23      You shall comply with the conditions of home detention for

24   a period of 180 days, with electronic monitoring.  During that

25   time you will remain at your place of residence except for

1   employment and other activities approved in advance by your

2   probation officer.  You will maintain a telephone at your place

3   of residence without call forwarding, a modem, caller ID, call

4   waiting, or portable cordless telephone, including cell phone,

5   BlackBerries, and other similar devices for the above period.

6       At the direction of your probation officer, you shall wear

7   an electronic monitoring device, follow electronic monitoring

8   procedures specified by your probation officer, and pay the

9   daily costs of electronic monitoring, which may be waived by

10  the probation officer.

11      You shall contribute 100 hours of community service on a

12  schedule and at an agency approved by your probation officer.

13  You shall cooperate in collection of DNA as directed by the

14  probation officer, and you shall make payments on the criminal

15  monetary penalties.

16      You shall not open any new lines of credit or make

17  purchases on any existing lines of credit unless approved by

18  the probation officer.  You shall disclose all financial

19  information requested by your probation officer.

20      You shall continue to comply with your agreement made in

21  your Plea Agreement, including cooperation with the government.

22  And additionally, there are 13 conditions that all persons that

23  serve a period of supervised release under an order of this

24  Court are required to follow.  They're in writing and are

25  included in the judgment entry in this case and will be

1    explained to you by the probation officer.

2       You will be assessed a special assessment of $100.

3       Have you paid this amount?

4         MR. MICHAEL:  Not yet, Judge, but we're prepared to do

5    so right after court.

6         THE COURT:  All right.

7       And as to the fine, the Guideline provision that you agreed

8    to makes the minimum fine $230,000.  However, I have placed you

9    under other restrictions.  The 180-day home confinement, the

10    total lack of communications facilities that are so prevalent

11    now and so important, particularly to young people.  These are

12    all circumstances that are penal in nature and, in my opinion,

13    take the place of at least what I would consider most of the

14    fine.

15       However, your situation is not the same as Mr. Corbin.  For

16    example, your health, compared to his, is wonderful.  Your age,

17    compared to his, is right at your prime.  And your position was

18    major to his, and I think at the last, your last experience,

19    you were executive vice president of operations.  So it was

20    during your watch that you permitted Corbin to engage in this

21    activity, and you did know about it.  So the fine, in my

22    opinion, must be more than and will be more than the $20,000

23    that was assessed against Mr. Corbin.

24       How do I pick a fine?  I know what your net worth is.  I

25    don't think it's fair that I use that.  Your salary was

1   $286,000 a year.  I don't think it's appropriate that I use

2   that.

3        Your household expenses.  You can multiply them out as I

4   did.  I won't state them for the record.  Just multiply them by

5   12, and you'll see what they are.

6        You had left over discretionary income.  You can even

7   figure out the amount of discretionary income there was.  I

8   don't know.  I'm not figuring in the income tax.

9        Anyway, there are all these things that I have considered.

10  And I believe that, under all the circumstances, an appropriate

11  fine in your case, considering your great cooperation with the

12  government, considering your continued cooperation with the

13  government, that a fine of $60,000 is appropriate for the two

14  years and four months that this conspiracy that was charged

15  against you, that you pled guilty to existed, and produced --

16  or affected at least $23 million worth of the market, the share

17  of the market.

18       You have assets that you can pay this fine immediately.

19            THE DEFENDANT:  I can't write a check today.

20            THE COURT:  Oh, no.  No.

21            THE DEFENDANT:  Oh.  I'm sorry.

22            THE COURT:  I grant you that.

23            THE DEFENDANT:  Okay.

24            THE COURT:  But I'm going to give you 30 days, and

25  then if you can't pay it in 30 days for some reason, why, then

1    it will be charged interest, you'll be charged interest on it.

2        But I have looked at the -- I don't want to go into the

3    specifics of why I make that determination for the public

4    record.  You know what the situation is.

5                THE DEFENDANT:  (Nods head up and down.)

6                THE COURT:  You know the number of assets you have

7    that are, in my opinion, easily converted into cash.  And I

8    have not ordered you as a fine for all of them.  Please

9    understand.

10       And I understand that half of them belong -- many of them

11   do not belong to you that makes up your net worth, or at least

12   they belong to others.  And I also have taken into

13   consideration that half of them belong to your spouse, in

14   fashioning this fine.  And I'm willing to put them on the

15   record if you wish me to do so.

16               THE DEFENDANT:  No.  Thank you.  No.

17               THE COURT:  So the fine that I have imposed is

18   $60,000.  It's $20,000 for the two years, and then the next

19   four months I've added another $20,000 because of the situation

20   that I feel is necessary to deter others, make them think, make

21   them understand that when they're in a situation like this,

22   they have got to -- they have got to direct their company in a

23   different direction.

24       So having assessed the defendant's ability to pay, payment

25   of the total criminal monetary penalty shall be due as follows:

1    $100 is due immediately.

2        Within 30 days of the date of this order, the probation

3    officer, if it's necessary, shall recommend a payment schedule

4    to the Court to satisfy any unpaid balance of the criminal

5    monetary penalty.  The Court will enter an order scheduling the

6    payment, and any change in this schedule shall be made only by

7    order of the Court.

8        My immediate order, however, is that the interest shall

9    begin to accrue on the criminal monetary penalties after 30

10   days and that the total penalty -- the hundred dollars is due

11   today, and the $60,000 is due 30 days from today.  And if

12   there's some extenuating circumstances, which I do not foresee,

13   why, then you can take that up with the probation officer, Mr.

14   Michael, and he will take it up with the Court.

15              THE DEFENDANT:  (Nods head up and down.)

16              THE COURT:  Do you have any question about this

17   sentence?

18              THE DEFENDANT:  No.

19              THE COURT:  Mr. Culum, do you have anything further

20   you want me to discuss on the record about this sentence?

21              MR. CULUM:  No, Your Honor.

22              THE COURT:  Mr. Michael?

23              MR. MICHAEL:  No, Judge.

24              THE COURT:  Do you have any questions at this time,

25   Mr. Larson?

1        THE DEFENDANT:  No, sir.

2        THE COURT:  I notify you that under certain

3   circumstances you have the right to appeal this sentence and,

4   if you're unable to pay the costs of an appeal, you have the

5   right to apply to this Court for leave to proceed in forma

6   pauperis.  If you are indigent and cannot retain a lawyer, you

7   may apply, and one will be appointed to represent you on your

8   appeal.

9        I further advise you that in accordance with the provisions

10  of Rule 4(b) of the Rules of Appellate Procedure, you must file

11  your notice of appeal with the Clerk of the United States

12  District Court within 14 days of the filing of the judgment,

13  which will be filed probably later today.  Today is February

14  the 3rd, 2010.  14 calendar days from the filing of the

15  judgment will be February 17, 2010.

16       I advise you that if you so request, I will order the Clerk

17  of Courts to prepare and file forthwith your notice of appeal

18  on your behalf.

19       It is further ordered that you shall notify the United

20  States Attorney for the Southern District of Ohio -- well,

21  you'll notify Mr. Culum within 30 days of any change in

22  residence or mailing address till all fines, restitutions,

23  costs and special assessments imposed by this judgment are

24  fully paid.

25       Do you have any requests at this time?

1        THE DEFENDANT:  No, sir.

2        THE COURT:  Is there anything further from the United

3   States?

4        MR. CULUM:  No, Your Honor.

5        THE COURT:  Is there anything further from the

6   defendant?

7        MR. MICHAEL:  No, Judge.

8        THE COURT:  So be it.

9        COURTROOM DEPUTY:  All rise.  This honorable court is

10  now in recess.

11      (Proceedings CONCLUDED at 11:10 AM.)

12                        - - -

13                C E R T I F I C A T E

14      I, Luke T. Lavin, RDR, CRR, the undersigned, certify

15  that the foregoing is a correct transcript from the record of

16  proceedings in the above-entitled matter.

17

18                        s/Luke T. Lavin
                          _____
                          Luke T. Lavin
19                        Official Court Reporter

20                        - - -

21

22

23

24

25